

# Fourth Court of Appeals

### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00356-CV

In the Interest of L.H.H., a Child

From the 456th District Court, Guadalupe County, Texas
Trial Court No. 23-1292-CV-E
Honorable Thomas Nathaniel Stuckey, Judge Presiding

Opinion by:     Rebeca C. Martinez, Chief Justice

Sitting:          Rebeca C. Martinez, Chief Justice
                  Irene Rios, Justice
                  Liza A. Rodriguez, Justice

Delivered and Filed: November 13, 2024

AFFIRMED

Appellant L.H.H. ("Father") appeals the trial court's order terminating his parental rights to his child, L.H.H.[1] The trial court found, by clear and convincing evidence, that Father had engaged in the conduct described by Texas Family Code section 161.001(b)(1)(E), (O), and (P) and that termination of Father's parental rights was in the child's best interest. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(E), (O), (P), (b)(2).

Father's court-appointed appellate counsel filed a motion to withdraw and a brief containing a professional evaluation of the record, concluding there are no arguable grounds for

---

[1] To protect the identities of the minor children in this appeal, we refer to appellant and the children by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

reversal of the termination order. The brief satisfies the requirements of *Anders v. California*, 386 U.S. 738 (1967). *See In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (per curiam) (recognizing that *Anders* procedures apply in parental termination cases). Additionally, counsel represents that he provided Father with a copy of the brief and the motion to withdraw, advised Father of his right to review the record and file his own brief, and informed Father how to obtain a copy of the record, providing him with a form motion for access to the appellate record. We issued an order setting a deadline for Father to file a pro se brief, but Father did not file such a brief.

After reviewing the appellate record and appointed counsel's brief, we conclude no plausible grounds exist for reversal of the termination order. Accordingly, we affirm the trial court's termination order. We deny counsel's motion to withdraw because it does not show good cause for withdrawal. *See id.* at 27 & n.7 (holding that counsel's obligations in parental termination case extend through exhaustion or waiver of all appeals and that withdrawal should be permitted by court of appeals "only for good cause" (citing TEX. R. CIV. P. 10)).

Rebeca C. Martinez, Chief Justice